```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
ZURICH AMERICAN LIFE INSURANCE CO.   :
and ZNA SERVICES LLC,                :
                                     :
     Plaintiffs/Counter-Defendants,  :    20-cv-11091 (JSR)
                                     :
            -v-                      :    ORDER
                                     :
JON NAGEL,                           :
                                     :
     Defendant/Counter-Claimant.     :
------------------------------------ x
JON NAGEL,                           :
                                     :
     Counter-Claimant,               :
                                     :
            -v-                      :
                                     :
CENTRE GROUP HOLDINGS (U.S.)         :
LIMITED, et al.,                     :
                                     :
     Counter-Defendants.             :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

In a March 14, 2022 memorandum order, this Court granted summary judgment in favor of plaintiffs/counter-defendants on defendant/counter-claimant Jon Nagel's age discrimination claims. ECF No. 122. Now before the Court is Nagel's motion for reconsideration of that order. ECF No. 123.

A court may grant a motion for reconsideration when it has "overlooked controlling decisions or factual matters that were put before it on the underlying motion and that might reasonably be expected to alter the conclusion reached by the court." Abrahamson

v. Bd. of Educ. of Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Nagel has failed to do so here.

Nagel's motion for reconsideration reiterates the creative argument he pressed in his original motion for summary judgment, that Nagel at 64 and Nagel at 69 constitute comparators for purposes of showing disparate treatment and giving rise to an inference of age discrimination. Nagel argues that the Court's rejection of this argument was in error because the Court focused on the comparison of the employer's decision rather than the employee's conduct. Based on these renewed arguments, Nagel argues that a reasonable juror could conclude that Nagel was treated "less well, at least in part for a discriminatory reason" for purposes of his age discrimination claims under the NYCHRL and NYSHRL. Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 n.8 (2d Cir. 2013).

While Nagel characterizes his renewed "comparator" argument as consistent with binding Second Circuit precedent, it is, in fact, not. Nagel does not point to comparator evidence that his employer treated him and another similarly situated employee differently for the same conduct. Instead, as he did previously, Nagel argues that he is his own comparator, because (on his

2

argument) he falsified his timesheets when he was 64 and was not fired but then falsified his timesheets when he was 69 and was fired.

Even accepting Nagel's argument that the relevant point of comparison is the employee's conduct, Nagel does not point to record evidence sufficient to show that a reasonable juror could find that his conduct at 64 and his conduct at 69 are similarly situated in "all material respects," nor that they represent a "reasonably close resemblance of the facts and circumstances." Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000). Furthermore, what his employer knew about that conduct is, in fact, relevant to the comparison and, as the Court stated in its memorandum order, Nagel did not point to sufficient evidence from which a reasonable juror could conclude that Zurich treated an older Nagel differently from a younger Nagel, when it uncovered more extensive information that the older Nagel was falsifying timesheets than it had regarding the younger Nagel's conduct.

Again, Nagel's argument that he is his own comparator is a creative one, but not enough on this record to get Nagel's age discrimination claims, even under the NYCHRL and NYSHRL, to a jury. Nowhere in Nagel's motion for reconsideration does he actually identify any evidence that the Court overlooked, and his renewed

comparator argument is no more persuasive than it was when the Court considered it in the first instance.[1]

Nagel has failed to identify either "controlling decisions or data that the court overlooked," and has thus not met the standard for reconsideration. <u>Shrader</u>, 70 F.3d at 257. Accordingly, the Court hereby denies Nagel's motion for reconsideration. The Clerk is directed to close the entry at docket number 123.

SO ORDERED.

Dated:   New York, NY
         April 20, 2022

_____
JED S. RAKOFF, U.S.D.J.

---

[1] Nagel also renews his arguments that a juror could find Zurich's explanations for his termination were false or misleading. ECF No. 124 at 6-7, n.3. But, as discussed in the Court's memorandum order, ECF No. 122 at 64, 69-70, Nagel's arguments that Zurich's explanations for his termination were false or misleading are not based on the reasons Zurich actually gave in its termination letter (or argued in its briefing) for discharging Nagel, but instead constitute reasons that Nagel asserts that "Zurich claims" it fired him. Again, as the Court stated in its memorandum order, Nagel cannot manufacture an employer explanation based on his other possible misconduct, say it was not misconduct, and then call such a reason false or misleading to survive summary judgment on his age discrimination claims.